304 A.2d 658.

PAUL J. BERTRAND *et al. vs.* JOHN V. DI CARLO.

MAY 17, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

510

DORIS, J. This is a civil action wherein the plaintiffs seek recovery for fire damages to their property allegedly resulting from the negligence of the defendant.

The case was tried to a jury before a Superior Court justice, who at the close of plaintiffs' case granted defendant's motion for a directed verdict and judgment on the verdict was entered for defendant. It is before this court on plaintiffs' appeal from a ruling of the trial justice refusing to allow into evidence certain ordinances of the town of West Warwick.

The pertinent facts are not disputed and may be briefly stated. The plaintiffs and defendant were adjoining property owners in the town of West Warwick. On or about December 3, 1964, a fire broke out in the apartment building owned by defendant and occupied by tenants. Located on the second floor of defendant's premises at the time of the fire were two fifty (50) gallon drums used for storing kerosene. Another drum was located under a stairway of defendant's building. During the course of the fire one of the drums located on the second floor exploded, allegedly causing the fire to spread to plaintiffs' premises, which were badly damaged. At trial, which commenced on April 21, 1970, plaintiffs proceeded to put in evidence of the fire, the circumstances surrounding the fire, and the damages sustained.

The plaintiffs sought to introduce an ordinance adopted by the West Warwick town council on November 10, 1964 (plaintiffs' exhibit No. 36 for identification), "The Building Code of the Town of West Warwick." This ordinance purported to regulate the manner and quantity of storing kerosene in a dwelling. Said ordinance was excluded from evidence by the trial justice on the ground that the powers attempted to be exercised thereby were beyond the powers granted by the pertinent state enabling statute.

The plaintiffs' exception to this exclusion from evidence

of said ordinance was duly noted, but since this point has been neither briefed nor argued by plaintiffs we deem it to be waived.

The plaintiffs also sought to introduce an ordinance adopted by the West Warwick town council on March 11, 1952, (plaintiffs' exhibit No. 35 for identification). This ordinance also purported to regulate the manner and quantity of storing kerosene in a dwelling. It was plaintiffs' position that the quantity and the manner in which kerosene was stored in defendant's building was violative of the ordinance sought to be introduced. Relying on this contention, it was plaintiffs' position that noncompliance with the ordinance was evidence of the negligence with which defendant was charged. In support of this position they relied on *Sitko* v. *Jastrzebski*, 68 R. I. 207, 27 A.2d 178 (1942); *Sears* v. *A. Bernardo & Sons*, 44 R. I. 106, 115 A.647 (1922); *Oates* v. *Union R.R.*, 27 R. I. 499, 63 A.675 (1906).

The defendant objected on the ground that the adoption of said ordinance was ultra vires of the town council's jurisdiction. Stated otherwise, defendant's argument to the trial justice was that a municipal legislature lacks power to enact ordinances absent a delegation of such power by the General Assembly.

The trial justice excluded the ordinance from evidence, and it is to this exclusion that plaintiffs have objected, claiming prejudicial error. It is to this objection that we now direct our attention.

It is a well-settled rule that cities and towns have no power to enact ordinances, except those powers from time to time delegated to them by the Legislature. And it is a fundamental rule of construction that such powers, being delegated, should be strictly construed. *Commerce Oil Refining Corp.* v. *Miner*, 170 F. Supp. 396 (D.R.I. 1959); *In re Opinion to the House of Representatives*, 62 R. I. 347, 5 A.2d 455 (1939); *Heeney* v. *Sprague*, 11 R. I. 456 (1877).

The plaintiffs readily admitted such to be the rule, but argued that the ordinance in question was validly enacted on the authority of G. L. 1938, ch. 382, §9, as amended by P. L. 1949, ch. 2284, and that the town had been properly empowered to enact ordinances regulating the storage of kerosene in dwelling houses.

The defendant contended that said enabling act does not authorize the town of West Warwick to pass any ordinance concerning the storage of kerosene or other petroleum products in private dwelling houses. He apparently based this contention on the language in the enabling act: "* * * and of sale within their respective towns and cities, of the said articles, their products, compounds and components and other like explosive substances * * *."

Clearly, defendant argued, dwelling houses could not be construed as a "place or places" where kerosene would be sold. Furthermore, defendant argued that the inclusion of "sale" in the enabling act resulted in making the General Assembly's delegation of power ambiguous at the least. And defendant further argues that in light of the well-settled principle that a legislative grant of municipal power to exercise a portion of the state's sovereignty should be strictly construed, it follows that the enabling act on which plaintiffs rely cannot be construed as authorizing the West Warwick town council to enact the ordinance in issue.

In support of such contention, defendant cites *Andruzewski* v. *Smith*, 105 R. I. 463, 252 A.2d 914 (1969); *Ramsden* v. *Ford*, 88 R. I. 144, 143 A.2d 697 (1958); *In re Opinion to the House of Representatives, supra; Brown University* v. *Granger*, 19 R. I. 704, 36 A. 720 (1897).

In excluding the ordinance in issue, the trial justice recognized the validity of defendant's reliance on the rule requiring strict construction and, construing G. L. 1938, ch. 382, §9, as amended, stated that said enabling act revealed a legislative intent for a delegation of power only with respect

to commercial premises which did not include dwelling houses.

We have no quarrel with the trial justice's reliance on the rule of strict construction, as this has been the holding by this court in a long line of cases, beginning with *Heeney* v. *Sprague, supra*. As to his determination, either that G. L. 1938, ch. 382, §9, as amended, was not applicable to the storing or keeping of kerosene in dwelling houses, or that it was at least ambiguous in that respect, we find no error. An examination of his decision makes it clear that he predicated his holding on a finding that the clear intent of the Legislature in enacting P. L. 1949, ch. 2284, was not to grant powers to local authorities to regulate the storage of kerosene in dwelling houses.

Sections one through eight of G. L. 1938, ch. 382, clearly establish state regulations for the sale of, or storage for sale of, petroleum and inflammable fluids, including kerosene. The regulations therein contained were to be supervised and enforced by local inspectors, who as evidenced by §9 of said act, would be appointed by the municipal legislative bodies.

Moreover, said §9 authorized the municipal legislature to enact ordinances limiting and prescribing the manner, as well as the number of places and quantities of the regulated substances to be stored.

"§9. The town councils of the several towns, and the city council of the city of Providence and the representative council of the city of Newport shall appoint annually one or more inspectors of petroleum oil, kerosene and coal oil, their products, compounds and components, and may limit and prescribe by ordinance the place or places and manner of storing or safe keeping, and the quantity to be stored in any one place, and of sale within their respective towns and cities, of the said articles, their products, compounds and components and other like explosive substances, notwith-

standing any provisions hereinbefore contained, and may inflict fines and penalties for the violation of such ordinances, not exceeding, for any one offense, $200.00 fine and 6 months imprisonment. Whenever a vacancy shall occur in the office of inspector of petroleum oil, kerosene and coal oil, the same shall be filled as soon as may be, for the remainder of the year, by the town council of any town or the city council of any city, by a new election."

However, this section was significantly amended by P. L. 1949, ch. 2284, sec. 1, which added to the regulations to be established by municipal ordinance "the installation and maintenance of oil burners and oil burning stoves." If §9 of said enabling act is read alone it may appear that authority was given by the General Assembly to cities and towns to adopt ordinances regulating the storage of kerosene on premises used as dwelling houses. However, we hold that a reading of the statute in its entirety makes it unquestionable that the General Assembly in enacting P. L. 1949, ch. 2284, in amendment of G. L. 1938, ch. 382, did not intend to authorize the cities and towns to adopt ordinances regulating the storage of kerosene or other fluids used for heating purposes in premises used as dwelling houses.

So persuaded, we conclude that the ordinance adopted March 11, 1952, by the town council of West Warwick, purporting to regulate the manner and quantity of storing kerosene in a dwelling was ultra vires of the powers granted by G. L. 1938, ch. 382, as amended, and was therefore invalid.

The action of the trial judge in excluding said ordinance from evidence was correct. The plaintiffs' appeal is denied and dismissed, the judgment appealed from is affirmed and the case is remitted to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

*Charles A. Curran, John A. O'Neill, Jr.,* for plaintiffs.

*Felix A. Appolonia,* for defendant.