**In re DEBRA.**

**No. 81–602–Appeal.**

Supreme Court of Rhode Island.

May 20, 1982.

George J. Grossi, Johnston, for petitioner.

Thomas M. Bohan, Providence, Legal Counsel, Department for Children and Their Families, for respondent.

## OPINION

PER CURIAM.

This case came before a three-member panel on March 16, 1982, on our order directing the petitioner (Debra) to show cause why the appeal of the respondent, the Department for Children and Their Families (DCF), should not be sustained.

On November 1, 1979, a Family Court justice committed Debra, a dependent child, to the care, custody, and control of DCF. Subsequently, DCF placed Debra in a foster home where she continues to reside. Debra attained the age of majority on March 3, 1981. On June 18, 1981, the Family Court justice reviewed her case and ordered DCF to continue paying her board and medical expenses. The justice also directed DCF to determine whether it should pay Debra's tuition to the Katherine Gibbs School. DCF determined that it was not required to pay the tuition. Subsequently, however, on October 1, 1981, the Family Court justice ordered DCF to pay the balance of the tuition due, a sum of $1,550. DCF appealed therefrom.

After consideration of the oral arguments and briefs presented by the parties, we are of the opinion that the Family Court justice clearly exceeded his authority.

This court has repeatedly held that the authority of the Family Court to act in certain situations must be expressly conferred by G.L.1956 (1969 Reenactment) § 8–10–3, as amended by P.L.1981, ch. 319, § 1. See *Paolino v. Paolino*, R.I., 420 A.2d 830 (1980). Section 8–10–3 confers jurisdiction upon the Family Court over "those matters relating to delinquent, wayward, dependent, neglected or mentally defective or mentally disordered children, or children who by reason of any handicap, physical, mental, or otherwise, suffer from a learning disability which requires special education or treatment and other related services * * *." See G.L.1956 (1981 Reenactment) § 14–1–5. Moreover, § 8–10–2 establishes that one of the purposes of the Family Court is to secure care for the dependent child that is "as nearly as possible equivalent" to that which the child's parents should have provided. See § 14–1–2.

We have previously held that a parent's obligation to pay for a child's support terminates once the child reaches majority absent some exceptional circumstances. *Calcagno v. Calcagno*, 120 R.I. 723, 391 A.2d 79 (1978); *cf. Siravo v. Siravo*, R.I., 424 A.2d 1047 (1981) (under support agreement ter-

minating upon emancipation, parent is not legally obligated to pay for college education of child if child has reached age of majority and is not physically or mentally handicapped). Because no exceptional circumstances exist which would require a natural parent to provide post-secondary education for Debra, the Family Court has no authority to require the respondent to do so as parens patriae. Therefore, we are of the opinion that no cause has been shown.

Accordingly, the respondent's appeal is hereby sustained, the order of the Family Court justice is hereby reversed, and the case is remanded to the Family Court justice for further proceedings consistent with this opinion.

MURRAY and SHEA, JJ., did not participate.