Michael A. LARUE

v.

REGISTRAR OF MOTOR VEHICLES, DEPARTMENT OF TRANSPORTATION, OFFICE OF OPERATOR CONTROL.

No. 88–123–M.P.

Supreme Court of Rhode Island.

Jan. 9, 1990.

Jonathan Oster, Oster & Groff, Lincoln, for plaintiff.

John J. Vallone, Jr., Providence, for defendant.

## OPINION

KELLEHER, Justice.

This matter is before us on a writ of certiorari to review an administrative order of the Rhode Island Department of Transportation (DOT) revoking the driver's-school license of Blackstone Valley Driving School, doing business as Larue's of Lincoln, owned by plaintiff, Michael A. Larue.

The record indicates that in late August of 1987 plaintiff's driving-instructor's license was suspended by the Registrar of Motor Vehicles (registrar) because of complaints of sexually oriented misconduct. Following a stay of the suspension, a hearing was held before a hearing officer at the Office of Operator Control, the hearing division of the Rhode Island DOT. Several witnesses testified at the hearing, including a Lincoln police officer and three former students of the Blackstone Valley Driving School. All the witnesses who testified at the hearing were cross-examined by plaintiff's attorney. Relying upon the testimo-ny heard, the hearing officer upheld the suspension pursuant to G.L.1956 (1982 Reenactment) § 31–10–41, which states in pertinent part, "The registrar may * * * suspend * * * such license * * * for the following reasons: (a) any reason set forth in subsections (a) through (f) of § 31–10–38." The subsection of § 31–10–38 referenced in this case was subsection (d) which states, "The applicant fails to furnish satisfactory evidence of good character, reputation and fitness."

In addition to upholding the decision to suspend plaintiff's driving-instructor's license, the hearing officer recommended that the license issued to the driving school be revoked. In late November of 1987 the registrar revoked plaintiff's driver's-school license indefinitely.

The plaintiff again requested a hearing, which was held in late February of 1988. Only one witness, the supervisor of Research and Highway Safety Promotion, testified at the hearing. This witness identified the driving-school-license application of plaintiff and confirmed that plaintiff was the sole owner of the school. The plaintiff's attorney cross-examined this witness also. At the close of testimony, the hearing officer, the same officer who had presided over plaintiff's first hearing, referred to the evidence that had been presented at that prior hearing. He also referred to the determination made at that hearing that plaintiff had failed to maintain satisfactory evidence of good character, reputation and fitness. He then proceeded to uphold the revocation of the driver's-school license. In his findings of fact, he indicated that the results of the first hearing, the records of the Division of Motor Vehicles regarding plaintiff, and § 31–10–38(d) constituted sufficient bases for upholding the revocation. The revocation became effective on March 14, 1988.

On March 24, 1988, a motion for stay of the registrar's Notice of Action was granted by this court. The plaintiff then filed a statutory petition for writ of certiorari to this court pursuant to § 31–10–42, and the writ was issued. The plaintiff now raises four issues.

The plaintiff first argues that the decision of the hearing officer to revoke the driver's-school license was not supported by the evidence. Second, plaintiff argues, the decision of revocation was not made by an impartial hearing officer. The third complaint is that the revocation was made in violation of the constitutionally protected rights of due process and equal protection. Last, plaintiff argues, the revocation was not made in conformance with the terms and conditions of the Rhode Island Administrative Procedures Act. We find each of these complaints to be without merit.

■ Before addressing the issues raised by plaintiff, we would like once again to clarify a matter of procedure regarding appeals from administrative-agency decisions. As we have recently stated in *Considine v. Rhode Island Department of Transportation*, 564 A.2d 1343, 1344 (R.I. 1989), "Since the Department of Transportation is not expressly exempted from the [Administrative Procedures] act pursuant to G.L.1956 (1988 Reenactment) § 42–35–18, the Registry of Motor Vehicles is subject to all of the provisions contained therein." As such, judicial review of an administrative decision of the registrar is governed by G.L.1956 (1988 Reenactment) § 42–35–15(b), which provides in pertinent part, "Proceedings for review are instituted by filing a complaint in the superior court of Providence County or in the superior court in the county in which the cause of action arose, or where expressly provided by the general laws in the sixth division of the district court or family court of Providence County."

Therefore, the apparent conflict between § 42–35–15 and § 31–10–42, which provides for the filing of a petition for a writ of certiorari in the Rhode Island Supreme Court, is resolved in favor of the procedures provided for in the Administrative Procedures Act. As we indicated in *Considine*, "[I]t was the intent of the Legislature when adopting § 42–35–15 to provide one uniform method and time schedule for the purpose of taking an administrative appeal in a contested case." 564 A.2d at 1344. We further stated, "[T]he adoption of § 42–35–15.1 * * * served to eliminate any uncertainty that may have been created by the reenactment of statutes in 1976."[1] *Id.*

In recognition of this confusion, however, this court has decided to exercise its exclusive jurisdiction to issue common-law writs of certiorari and review the actions of DOT in this case.

It is well settled in this jurisdiction, "On review by way of certiorari, this court does not weigh the evidence but merely examines the record to determine if there is any competent evidence to support the tribunal's findings." *Ervin v. Ervin*, 458 A.2d 342, 344 (R.I.1983).

■ The record before us indicates that there was, in fact, competent evidence to support the hearing officer's decision to revoke the driver's-school license of Blackstone Valley Driving School.

Section 31–10–38, entitled "Denial, suspension, or revocation of commercial drivers' school licenses," states in pertinent part,

"The registrar may deny an application for a license or suspend or revoke a license after it has been granted for any of the following reasons:

\* \* \* \* \* \*

(d) The applicant fails to furnish satisfactory evidence of good character, reputation and fitness."

The only evidence presented at the hearing in question was in regard to the ownership of the school. The hearing officer, however, took notice of the evidence of bad character that was presented at the earlier hearing concerning the suspension of Larue's driving-instructor's license. That evidence, as we indicated earlier, had been sufficient to uphold the suspension of the instructor's license. This same evidence

**1.** General Laws 1956 (1988 Reenactment) § 42–35–15.1(a) provides in pertinent part, "Appeals from decisions by administrative agencies of the state or officers thereof shall be taken to the superior court or to the district court as provided by the general laws in respect to each agency."

was clearly pertinent to the revocation proceedings that took place in the second hearing. In fact, the evidence was sufficient to support the revocation of the driver's-school license under § 31–10–38(d).

The hearing officer acted within his authority when he took notice of this evidence. Rule 4.06 of the rules and regulations governing the Registry of Motor Vehicles [2] provides in pertinent part,

, "In the absence of controverting evidence, the Registry and its hearing officers * * * may officially notice:

(1) *Registry Proceedings.* The pendency of, the issues and position of the parties therein, and the disposition of any proceeding then pending before or theretofore concluded by the Registry[.]"

The plaintiff, however, argues that the hearing officer did not take the steps necessary to "officially" notice this evidence. We disagree. Section 42–35–10(d) states in pertinent part, "Notice may be taken of judicially cognizable facts. In addition, notice may be taken * * * but parties shall be notified either before or during the hearing, or by reference in preliminary reports or otherwise, of the material noticed, including any staff memoranda or data."

The hearing officer referred to the evidence concerning plaintiff's character that had been presented at the first hearing and indicated that the evidence required for revocation of the driver's-school license was the same. He indicated this fact prior to rendering his decision in the second hearing. The plaintiff, therefore, was informed of the hearing officer's intentions. The statute requires no more of the officer.

Furthermore, § 42–35–9(e) provides, "The record in a contested case shall include: * * * (7) All staff memoranda or data submitted to the hearing officer or members of the agency in connection with their consideration of the case." Included in staff memoranda would necessarily be

the decision of the registry in the first hearing involving plaintiff. As such, that decision was properly part of the record in the second hearing and available to the hearing officer in his consideration of the case.

We therefore find, after a complete review of the record, that there was competent evidence to support the hearing officer's decision in the case at bar, and the officer's actions were made in conformance with the Administrative Procedures Act.

The plaintiff's constitutional arguments are equally without merit. The plaintiff's counsel makes no argument in regard to equal-protection violations, and we therefore find no reason to address this issue. The plaintiff does, however, contend that he was denied due process of law.

Section 42–35–9 of the Administrative Procedures Act requires "an opportunity for hearing after reasonable notice." *See also Millett v. Hoisting Engineers' Licensing Division of the Dept. of Labor,* 119 R.I. 285, 296, 377 A.2d 229, 235–36 (1977), holding that "due process within administrative procedures requires the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" The plaintiff was sent a Notice of Action stating the grounds upon which the school's license was suspended and informing him of his right to obtain a hearing on the matter. At that hearing he was given an opportunity to present witnesses and evidence even though he declined to do so. As this court has stated in *Craig v. Pare,* 497 A.2d 316, 320–21 (R.I.1985), "It is the opportunity to exercise a right, and not petitioner's actual implementation of that right, that constitutes due process." .

It is also well settled that in the examination of administrative proceedings, "the presumption favors the administrators, and the burden is upon the party challenging the action to produce evidence sufficient to rebut this presumption." *Gorman v. University of Rhode Island,* 837 F.2d 7, 15

---

**2.** Section 42–35–2 governs the adoption of rules by administrative agencies. Section 42–35–2(a) provides in pertinent part,

"In addition to other rule making requirements imposed by law, each agency shall:

$$* \quad * \quad * \quad * \quad * \quad *$$

.(2) Adopt rules of practice, setting forth the nature and requirements of all formal and informal procedures available."

(1st Cir.1988). The plaintiff, in his assertions of procedural misconduct, has not produced evidence sufficient to rebut this presumption.

Furthermore, plaintiff's charge of bias on the part of the hearing officer is also without merit. We have indicated in *Davis v. Wood*, 444 A.2d 190, 192 (R.I. 1982), that anyone raising the issue of bias must present "evidence that overcomes the presumption of honesty and integrity in those serving as adjudicators." The plaintiff has not met this burden. Although the hearing officer was the same in both the instructor's-license hearing and the driver's-school-license hearing, there is no evidence in the record that would indicate bias on behalf of that officer. We have stated that "[a]gency officials are presumed to be capable of judging a particular controversy fairly on the basis of its own circumstances." *Davis*, 427 A.2d 332, 337 (R.I.1981). The plaintiff, once again, has not produced evidence sufficient to rebut this presumption.

Finally, the plaintiff argues that the hearing officer acted as prosecutor in the driver's-school-license hearing, thereby violating his due-process rights. Although it is clear from the record that the hearing officer asked questions of the supervisor of Research and Highway Safety Promotion, we have indicated, "An administrative hearing officer is not required to assume a wholly passive role and may participate in the proceeding whenever necessary to the end that the hearing proceed in an orderly, expeditious fashion." *Davis*, 427 A.2d at 337. This witness was asked only to check his office records and indicate who was the owner of the Blackstone Valley Driving School. Therefore, we do not find the hearing officer's actions to have been improper.

For the reasons stated, the plaintiff's petition for certiorari is denied, and the writ heretofore issued is quashed.

FAY, C.J., did not participate.