247 A.2d 909.

FRANCIS P. McCONNELL *vs.* EDWARD M. GOLDEN *et ux.*

NOVEMBER 29, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

ROBERTS, C. J. This is a civil action brought to enjoin the defendants from interfering with the plaintiff's passage over an alleged right-of-way across the defendants' land. The cause was tried to a justice of the superior court, who entered judgment for the plaintiff and permanently enjoined the defendants from interfering with the plaintiff's use of a driveway alleged to be the location of the right-of-way. From that judgment the defendants have appealed to this court.

It appears from the record that defendants' land is located in the town of Narragansett and extends eastward

from Boston Neck Road to the shore of the Atlantic Ocean. It is not disputed that in September of 1952, William F. J. Kenny, the instant defendants' predecessor in title, conveyed a portion of his land to plaintiff. The lot conveyed was located at the southeast corner of the tract near the Atlantic Ocean, and in the deed plaintiff was granted an easement of way for foot and vehicular passage between Boston Neck Road and his lot. The deed provides for the easement of way as follows: "Also as appurtenant to the above described premises, said * * * and Francis P. McConnell shall have an easement over and upon other land of this grantor for foot and vehicle passage to and from the public highway." There is in the deed nothing that purports to designate the location of the easement of way granted.

A substantial residence is located on the tract several hundred feet east of Boston Neck Road, which will be hereinafter referred to as defendants' home. The only issue raised in this case is whether in 1952, when Kenny sold the lot to plaintiff, he designated as the location of the easement of way to the lot a driveway that entered his land from Boston Neck Road and extended easterly to the north side of defendants' home, said driveway to be hereinafter referred to as the north driveway. It is plaintiff's contention that Kenny did just that and indicated that the easement of way would continue beyond his house across a field in a southeasterly direction to plaintiff's land. There is no dispute but that from 1952 until 1967, when defendants obstructed this north driveway, plaintiff had used it to gain access to his property.

The plaintiff contends now that Kenny in 1952 had set out the north driveway from Boston Neck Road to the north side of defendants' home as the location of the easement and had directed him to use the north driveway in traveling from the highway to his property. However, de-

fendants, who succeeded to Kenny's title, argue to the contrary. They contend that at the time the easement of way was established in plaintiff's deed, Kenny had informed plaintiff that he did not want to fix a permanent location for the easement of way he had granted and had merely suggested to plaintiff that until the location of the easement of way was fixed, he use the north driveway and, having passed the Kenny home, continue in a southeasterly direction across the unimproved fields to his property.

The record discloses that in 1965 Kenny sold the tract to defendants and that they thereafter constructed a paved roadway extending easterly from Boston Neck Road along the southerly line of the tract to plaintiff's land. It is their contention that in so doing they have acted properly to fix the location of the easement of way. After constructing that roadway, they placed a barrier on the north driveway in such a manner as to obstruct its use by plaintiff.

The trial justice in his decision concludes that there is no evidence in the record tending to prove that before or at the time of the delivery of the deed or, for that matter, at any other time, the parties agreed that the location of the easement created by the deed would be deferred for any length of time. He further commented that there was no evidence that Kenny had ever informed plaintiff at any time that the location of the easement was not to be defined. Then on the basis of the evidence the court found that in fact Kenny had designated the location of the easement as being what we here call the north driveway, that plaintiff had accepted the designation and entered upon the use of the location designated, and that, therefore, he had "acquired a legal right to continue to use the right of way so designated as an easement appurtenant to his land, and continues to this day to have such legal right." He concluded that the barricade of the north driveway by de-

fendants was illegal and ordered permanent injunction to issue.

It is well settled that where parties submit their case to a trial justice sitting without a jury, his findings are to be accorded great weight and his decision will not be disturbed by this court on appeal unless clearly wrong. *Waldman* v. *Town of Barrington,* 102 R. I. 14, 227 A.2d 592. As we have so frequently stated, it is the burden of an appellant under the "clearly wrong" rule, if he would disturb the decision of a trial justice, to establish that in reaching that decision he either overlooked or misconceived some relevant and material evidence on a controlling issue. *Labbe* v. *Hill Brothers, Inc.,* 97 R. I. 269, 197 A.2d 305.

In seeking to sustain the burden imposed, defendants argue that the trial justice misconceived the evidence on the question of whether Kenny had communicated to plaintiff his intention not to permanently locate the easement of way. Kenny had testified that at the time of the conveyance when he suggested to plaintiff that he use the north driveway to reach his property, he did not intend by that action to permanently locate the easement of way. The trial justice concluded, however: "There is no evidence that this fact ever was communicated to plaintiff at any time, or that it was spoken in his presence." It is our opinion that the trial justice's finding an absence of evidence as to plaintiff's knowledge of Kenny's intention not to permanently locate the way resulted from his misconception of the evidence adduced on that issue.

It is to be conceded that the testimony of Kenny and that of plaintiff — as to their discussion concerning the location of the easement of way at the time of the conveyance — is vague. It does not disclose that Kenny made any express statement to plaintiff that the way was not to be permanently located. Rather, he testified that he had suggested that plaintiff use the north driveway to get to

his land, while plaintiff testified that Kenny had told him only to use the north driveway to get to his land.

However, there is in the record testimony of plaintiff which, in our opinion, clearly discloses that he knew that Kenny at that time did not intend to make the north driveway the location of the permanent easement of way. He testified that some two years after erecting his house he had talked to Kenny concerning the location of a right-of-way along the south wall of the property so that he could bring "city water" into his premises and conceded that Kenny at that time told him that he wanted him to use the north driveway.

The record discloses also that Kenny testified that some few years before he sold the property to defendants, he had negotiated with a religious order for the sale of the entire tract, including the lot that had been conveyed to plaintiff. Kenny testified that he had talked to plaintiff to determine whether he would be willing to sell the lot if such transaction eventually came to pass and that at that time plaintiff had stated that he would like a "determined right-of-way." He testified that he had replied, "Absolutely not." Under cross-examination, plaintiff testified that such a conversation had taken place but that he could not "* * * recall that having come up," referring to a discussion concerning the fixing of the permanent location for his easement of way.

In short, the trial justice clearly rested his decision on his conclusion that plaintiff had never been informed of the intention of Kenny at the time of the conveyance that the location of the way was not to be permanently determined. However, the record discloses that on two occasions plaintiff had made inquiries concerning a permanent fixing of the location of the way and so testified. We are constrained to conclude then that the trial justice misconceived the testimony of plaintiff in this respect. We are

persuaded that the trial justice overlooked the probative force of this evidence on the controlling issue, that is, whether Kenny, in suggesting that plaintiff use the north driveway at the time of the conveyance, intended by that action to fix permanently the location of the easement of way.

We are constrained to conclude then that the trial justice erred in reaching the decision he did and that the appeal of defendants must be sustained. The circumstances in which this controversy developed give rise, however, to a concern about the difficulties that might be encountered in an effort to reach an equitable disposition thereof. There is a well-established body of law that where an easement of way is granted without designating the precise location thereof, the grantees of such way are entitled to a convenient, suitable, and accessible way, having regard to the interest and convenience of the owner of the land as well as the owner of the dominant tenement. Where such is the case, the owner of the servient tenement has in the first instance the right to designate the location. If he fails to do so, the owner of the dominant tenement may select a suitable location, having regard for the interest and convenience of the owner of the servient estate. *LaFleur* v. *Zelenko,* 101 Vt. 64, 141 A. 603; *Ark. Valley Electric Cooperative Corp.* v. *Brinks,* 240 Ark. 381, 400 S.W.2d 278; *Daniel* v. *Clarkson,* Ky., 338 S.W.2d 691.

It is clear from the record here that Kenny granted an easement of way to plaintiff without designating the location thereof and that he continued to withhold a designation of the way for a period of some 15 years until his successors in title, the present defendants, purported to designate such easement of way along the southerly line of the property. The trial justice in his decision found that there was no agreement made between Kenny and plaintiff as to the deferment of the location of the way, and we agree with

his conclusion. The evidence would not support a finding of such an agreement. There is a question then, in the circumstances, whether Kenny's right as owner of the servient estate to designate the location of the way was lost to him by the passage of time and, of course, whether that prior right to make such designation passed from Kenny to the present defendants upon the conveyance of the property to them. Obviously, the validity of their purported designation of the location of the way depends upon the transmission of such right by the conveyance. It may well be, however, that Kenny's right lapsed with the passage of time, and the secondary right of plaintiff to locate the way became effective.

In view of these circumstances, it is our opinion that the purposes of justice will be best served and this litigation be expeditiously disposed of if the cause is remanded to the superior court for further proceedings. It is our direction then that the cause be remanded to the superior court and that, absent an agreement by the parties as to the location of the way within 60 days after this opinion is filed, the superior court shall proceed to designate a convenient, suitable, and adequate location for the easement granted in the original deed.

The appeal of the defendants is sustained, and the cause is remanded to the superior court for further proceedings in accordance with this opinion.

*Coffey, Ward, McGovern & Novogroski, John G. Coffey, Dominic F. Cresto,* for plaintiff.

*Higgins, Cavanagh & Cooney, Joseph V. Cavanagh, Bruce G. Tucker,* for defendants.