**M.B.T. CONSTRUCTION CORP.**

v.

**Frank C. EDWARDS et al.**

**No. 85–73–A.**

Supreme Court of Rhode Island.

July 7, 1987.

Kathleen Managhan, Patrick Hayes, Corcoran Peckham & Hayes, Newport, for plaintiff.

MaryJo Carr, Newport, for defendant.

## OPINION

SHEA, Judge.

This matter is before the Supreme Court on an appeal from a declaratory judgment entered in the Superior Court. The trial justice declared invalid a portion of the zoning code of the city of Newport governing nonconforming uses destroyed by fire. The city officials (the defendants) have appealed from that judgment. We affirm.

The plaintiff is the owner of a five-unit condominium located at 9½ Narragansett Avenue, Newport, Rhode Island. In July of 1982 the property suffered a major fire leaving all five units uninhabitable. A major portion of the building was razed after the fire, and plaintiff did not request a permit to rebuild, until after March 1984 "because it was without the necessary funds to undertake this reconstruction work." The building inspector and the director of planning for the city of Newport refused permission to rebuild, relying on §§ 1276.03 and 1276.07 of the Newport zoning code. Thereafter plaintiff brought an action for declaratory judgment in the Superior Court, seeking a declaration that these sections of the zoning code were illegal, null and void, and ultra vires of G.L. 1956 (1980 Reenactment) § 45–24–10.

We shall first address defendants' argument that plaintiff could not seek relief in the Superior Court by way of a petition for declaratory judgment until it had exhausted its administrative remedies. It argues that plaintiff should have first appealed the denial of its application by the building inspector to the zoning board of review under § 45–24–16. We disagree.

■ If plaintiff was seeking a reversal of a ruling by the building inspector based on an erroneous interpretation of the ordinance, which relief the board of review has the power to grant, then the exhaustion-of-administrative remedies rule would have required an appeal to the board. That is

not the case before us, however. Here plaintiff seeks a ruling about the validity and enforceability of § 1276.07 itself. The board does not have the authority to consider that question. As this court held in *Frank Ansuini, Inc. v. City of Cranston,* 107 R.I. 63, 73, 264 A.2d 910, 915–16 (1970),

"the instant plaintiff asserts patent invalidity, and the determination of that question is for the courts. *See State v. Goldberg,* 61 R.I. 461, 1 A.2d 101. Again, unlike the situation in *Nardi,* it would have been futile for the instant plaintiff to have appealed to the board of review, since that agency lacked authority to declare as being a nullity a provision of the regulations which, like the board of review itself, was a creature of the municipal legislature. *See Arc-Lan Co. v. Zoning Board of Review,* 106 R.I. 474, 261 A.2d 280. In such circumstances, the courts will not deny judicial relief on the ground that one invoking its protection has first failed to do that which would be futile. See 73 C.J.S. *Exhaustion of Administrative Remedies in General,* § 41, and the cases therein cited."

The principal issue before us concerns the validity of § 1276.07 of the Newport zoning ordinance.[1] That section of the ordinance provides in pertinent part that any building constituting a nonconforming use that is destroyed by fire or other casualty to an extent of up to but not more than 80 percent of its replacement value shall not be rebuilt unless the reconstruction of the nonconforming use is started within the twelve-month period following the date of the loss. The reconstruction must be pursued diligently until it is completed and must be completed within twenty-four months of the casualty.

The parties agree that the application for permission to rebuild was submitted to the building inspector more than twelve months after the fire. They also agree that the reason the application was not submitted earlier was plaintiff's lack of money needed to undertake the reconstruction work.

The building inspector rejected the application under two subsections of § 1276. Section 1276.03 provides that a nonconforming use of a structure or land, once abandoned, will not be resumed or replaced by another nonconforming use. Section 1276.07 as stated prohibits the resumption or replacement of a nonconforming use unless reconstruction is undertaken within twelve months of a casualty loss. The plaintiff argues that the twelve-month limitation fixed by the city council in its ordinance is invalid in that it exceeds the authority given the council in the enabling legislation.

The enabling legislation, § 45–24–10 reads as follows:

"Pre-existing uses saved.—No ordinance enacted under the authority of this chapter shall prevent or be construed to prevent the continuance of the use of any building or improvement for any purpose to which such building or improvement is lawfully devoted at the time of the enactment of such ordinance."

In *A.T. & G., Inc. v. Zoning Board of Review of North Smithfield,* 113 R.I. 458, 322 A.2d 294 (1974), this court interpreted this statute so as to limit an action taken by the Town of North Smithfield. In that case, the town enacted a provision in its zoning ordinance that provided that " 'If a pre-existing use is discontinued or abandoned for a period of one full year, it shall

---

1. Section 1276.07 provides:

"If any nonconforming building or any building containing a nonconforming use is destroyed by fire or other casualty to an extent of more than eighty (80%) percent of its replacement cost, at the time of the casualty, such building or use shall not be resumed unless the building and use are made to conform in all respects to this Zoning Code.

"Where the destruction is eighty (80%) percent or less of its replacement value as above determined, the building may be reconstruct-

ed or repaired and the nonconforming use resumed, provided that such reconstruction is started within a period of twelve (12) months from such casualty and is diligently pursued to completion. In the event of failure to start such reconstruction or repair within a period of one (1) year from such casualty and to complete the same within twenty-four (24) months of such casualty, the right under this Section to reconstruct or repair such building and the right to resume such nonconforming use shall be lost and terminated."

not be allowed to be resumed * * * .' " *Id.* at 462, 322 A.2d at 296. This court held that the local Legislature was acting ultra vires of its authority. The enactment of such a provision, it held, was an attempt to abridge by ordinance a right given in the enabling act. The court said:

"Section 45–24–10 of the enabling act specifically saves preexisting nonconforming uses. To that end, the statute prohibits the enactment by a local legislature of an ordinance provision intended to prevent the continuance of any use to which the land was lawfully devoted at the time of the enactment of the ordinance. In our opinion, ·the Legislature intended to proscribe the adoption of any provision in a zoning ordinance which is designed to prevent the continuance of nonconforming uses. It is, then, our opinion that the cessation of a use for some period of time prescribed in an ordinance will not, standing alone, support a conclusion that the use had been terminated. That being so, it is our further opinion that the board misconceived the law applicable in this case." *Id.* at 463, 322 A.2d at 296–97."

That language is particularly applicable to the case before us because in *A.T. & G., Inc.* the court was construing the language that addressed prevention of the continuance of a nonconforming use.

 It is well established that a nonconforming use can be terminated in cases of abandonment. In *A.T. & G., Inc.* the court defined abandonment as "an intention to relinquish and permanently cease to exercise a known right to devote the property to a permitted nonconforming use, evidenced by an overt act or a failure to act sufficient to support an implication of such intent." *Id.* at 463, 322 A.2d 297. That case made clear that abandonment cannot be proven by the mere passage of time but requires an intent on the part of the owner to relinquish the nonconforming use. No other evidence of abandonment, beyond the passage of time, has been presented in this case. Section 1276.03 of the Newport Zoning Ordinance, therefore, has no application to the facts before us and cannot support the action of the building inspector.

 We likewise find that § 1206.07 cannot support the denial of the plaintiff's petition to rebuild its nonconforming-use structure. Although the Newport ordinance differs from the North Smithfield ordinance in the language used, both ordinances would terminate a partially destroyed nonconforming use if reconstruction is not started within a year of the date of the casualty loss. Consequently, we agree with the trial justice in his conclusion that § 1276.07, as it limits and restricts the plaintiff's statutory rights under § 45–24–10 by setting up an absolute time limit, is invalid and void since it restricts the rights conveyed in the enabling legislation.

For these reasons, the defendants' appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.