[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Plaintiff's complaint avers, in essence, that he is entitled to continue the nonconforming use of an auto body repair shop on land now zoned residential, the use having pre-existed the first zoning ordinance in the town of Tiverton. The zoning officer refused to issue him a letter indicating that renewal of the body shop license would not violate the local zoning ordinance, something required by the state of Rhode Island before license issuance. The shop had not been used for general body work for some years, but plaintiff's affidavit establishes that during those years he continued his used car business at the site, under license, and continued to perform such body repair as was necessary in connection with the used car business. He specifically denies intent to permanently discontinue or abandon the body repair business as such.
The zoning officer's refusal to give him the necessary letter was grounded upon the code, article V, sec, 3 which provides that a legal nonconforming use which has been discontinued for more than two years shall not thereafter be used except in conformity with regulations applying to the district where located. Relief prayed for is a declaration that the above section is illegal, null and void, that mandamus issue directing the zoning officer to provide the necessary letter, or, alternatively, that the Court declare plaintiff's use is a valid preexisting nonconforming use.
Before the Court are memoranda of counsel and a statement of the zoning officer entitled "Affidavit" but not notarized. Considering the statement as an affidavit, the Court notes that it does not contradict any relevant facts in plaintiff's affidavit.
Plaintiff did not appeal the officer's decision to the zoning board, as he had a right to do under R.I.G.L. 1956 § 45-24-16 asamended. And so he has not exhausted his administrative remedies. Here plaintiff is not seeking reversal of the officer's ruling based on error in interpretation of the ordinance. He attacks directly the validity and enforceability of article V, section 3 itself. The section of the ordinance relied on by the zoning officer is patently invalid. M.B.T. Const. Corp. v.Edwards, 528 A.2d 336 (R.I. 1987). Plaintiff is properly before the Court.
There being no contradiction of plaintiff's evidence of non-abandonment, which meets standards outlined in WashingtonArcade v. Zoning Board, 528 A.2d 736 (R.I. 1987), there is no fact issue to be determined here. Plaintiff's motion for summary judgment should be and hereby is granted.
Counsel will present a form of judgment for entry which will give plaintiff the relief sought without issuance of mandamus.