**Donald ALLAIRE, et al.**

v.

**Howard R. FEASE, et al.**

**No. 2002–394–Appeal.**

Supreme Court of Rhode Island.

June 10, 2003.

Kenneth D. Haupt, Anthony DeSisto, Providence, for Plaintiff.

Howard Fease (pro se), for Defendant.

Present: WILLIAMS, C.J., FLANDERS and GOLDBERG, JJ.

## OPINION

PER CURIAM.

The defendants, Howard R. Fease (Howard) and Andrea M. Fease (Andrea) (collectively referred to as defendants), appeal from a Superior Court order granting a preliminary injunction preventing them from obstructing travel across a tract of their land. The plaintiffs, Donald Allaire and other Hog Island residents (collectively referred to as plaintiffs), used defen-

dants' tract of land to get access to their properties for many years and believed they owned a prescriptive easement.

This case came before the Supreme Court for oral argument on May 12, 2003, following an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. Having reviewed the record and the parties' briefs, and having considered the oral arguments, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated below, we affirm the order of the Superior Court.

The defendants own lot No. 104 on Bayberry Road, Hog Island. Hog Island, technically part of the Town of Portsmouth, is a small island, about 200 acres, that primarily serves as a rustic summer vacation spot for Hog Island property owners. Although there are a few cars and trucks, residents mostly move about the island on foot and by bicycle or golf cart. There is no electricity on the island, running water is seasonal and appliances run on propane. On defendants' lot there is a passageway that many Hog Island residents use to get to either their property or the interior part of the island. The plaintiffs assert that such use has occurred openly, continuously and without defendants' permission for more than forty years. In 2001, however, plaintiffs assert, defendants obstructed the passageway down to the mean high water mark. As a result, on March 28, 2002, plaintiffs brought an action seeking a declaratory judgment granting plaintiffs a prescriptive easement to the passageway and, while the action was pending, a preliminary injunction against obstructing the passageway.

The trial justice did not issue a decision on the temporary restraining order because defendants agreed to allow plaintiffs to use the passageway until the matter is resolved. The trial justice entered an order, drafted by plaintiffs' attorney, reflecting defendants' promise to the court.[1]

Subsequently, the passageway was further obstructed with cinderblocks and saplings. The defendants allege that they were victims of "a set up" and filed a report with the Portsmouth police to that effect. However, defendants refused to remove the obstructions. As a result, plaintiffs moved to hold defendants in contempt for violating the order and asked for a preliminary injunction.

On May 24, 2002, the trial justice held a hearing on the preliminary injunction in which plaintiffs asked the court to order defendants to remove the cinderblocks and saplings obstructing the passageway. At the outset of the hearing, the trial justice set forth what plaintiffs must prove for them to be successful. Specifically, he noted that (1) the preliminary injunction must be necessary, (2) plaintiffs must be likely to succeed on the merits of the claim, (3) irreparable harm would result without the preliminary injunction, and (4) the balancing of the equities necessitates granting the relief sought.

Three witnesses testified for plaintiffs. All the witnesses explained their open and continuous use of the passageway at issue for more than forty years without ever obtaining permission from defendants and without ever experiencing any resistance from defendants. In fact, one witness testified that Howard accompanied him on a

---

1. The defendants, appearing *pro se,* wrote a letter to plaintiffs' attorney expressing their dissatisfaction with the order that counsel drafted, alleging that it essentially granted the temporary restraining order. The order directed defendants to remove any obstruction and not prohibit travel across the passageway.

garbage pickup route, which used the passageway at the heart of this dispute.

After plaintiffs presented their witnesses, the trial justice, in an attempt to accommodate defendants, continued the hearing until May 28, 2002, because defendants' witnesses were not present and defendants said that they could not proceed without them.[2] Howard reacted inappropriately to the trial justice's direction to appear in court four days later, and the trial justice had to ask that he be removed from the courtroom.[3] At the May 28 hearing and after the trial justice's direction at the earlier hearing, plaintiffs' counsel presented the two witnesses who allegedly were subpoenaed but never served by defendants. The defendants, however, failed to appear.

On May 28, the trial justice determined that the evidence provided was "compelling and certainly clear and satisfactory that there is a likelihood of success on the merits as it related to the claimed prescriptive easement over that portion of defendant's [*sic*] property." He explained that plaintiffs would be subject to irreparable harm if the preliminary injunction were not granted. Applying the facts gleaned from the earlier testimony, the trial justice observed that regular traffic and garbage pickup would be disrupted and the fire truck would be unable to pass.

Subsequently, the trial justice granted a preliminary injunction on a ten-foot-wide, existing passageway, measuring five feet from the center line. He directed plaintiffs to employ a land surveyor to determine exactly where the center line originated and to clearly mark the ten-foot path. Lastly, the trial justice instructed

plaintiffs' attorney to draft an order reflecting the trial justice's decision and specifically ordering defendants to remove any obstructions from the designated passageway. The defendants timely appealed, arguing that the trial justice improperly granted the preliminary injunction.

■ We review a trial justice's grant of a preliminary injunction to determine whether the trial justice abused his discretion. *School Committee of North Kingstown v. Crouch*, 808 A.2d 1074, 1077 (R.I. 2002). To do so, we, like the trial justice, consider "(1) whether the moving party established a reasonable likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm without the requested injunctive relief; (3) whether the balance of the equities, including the public interest, weighed in favor of the moving party; and (4) whether the issuance of a preliminary injunction served to preserve the status quo *ante.*" *Id.*

■ We conclude that the trial justice did not abuse his discretion in granting the preliminary injunction because plaintiffs are likely to succeed on the merits of their prescriptive easement claim. First, "[o]ne who claims an easement by prescription bears the burden of establishing actual, open, notorious, hostile, and continuous use under a claim of right for at least ten years." *Stone v. Green Hill Civic Association, Inc.*, 786 A.2d 387, 389 (R.I.2001). These elements must be proven "by clear and satisfactory evidence." *Id.* at 389–90. All plaintiffs' witnesses testified that they actually used the passageway on defendants' property. The plaintiffs used the passageway openly and in such a manner

---

**2.** The defendants asserted that they subpoenaed two witnesses, both plaintiffs in the matter, but they could not be located. It later became clear that the subpoenas had never been served.

**3.** Specifically, Howard said "[f]orget it, your Honor. Just find me in contempt. Let's get out of here. This is the biggest waste of time I ever met in my life."

that defendants must have known about it. The use was hostile because it conflicted with defendants' asserted ownership rights. Finally, plaintiffs testified that their use of the passageway occurred every season with great regularity and over a period of at least forty years. The defendants offered no evidence to the contrary.

■■■ Next, plaintiffs will suffer irreparable harm without the requested injunctive relief because access to their properties and other areas of the island will be jeopardized. Furthermore, garbage pickup service and emergency services will be unable to reach some properties. This alleged harm also affects the third element of the preliminary injunction requirements because, in balancing the equities, it is consistent with the public interest to ensure that garbage pickup and, more importantly, emergency services can be provided for all residents. Finally, granting the preliminary injunction will certainly serve to preserve the status quo because the passageway on defendants' property had been used by summer residents each summer for several decades.

The defendants argue that the preliminary injunction was issued improperly because Hog Island no longer has a fire truck. However, defendants did not present any such evidence at the hearing. The defendants also assert that the trial justice did not correctly apply the requirements for a preliminary injunction and he failed to consider the alternate routes available to plaintiffs. Again, defendants failed to appear and therefore, presented no evidence to support their allegations.

The trial justice in this case made every attempt to accommodate the defendants by continuing the hearing so that the improperly served defense witnesses that the defendants said were necessary could be present. When the defendants failed to appear it was clear that they were absent because they were dissatisfied about the continuance.[4] The trial justice had no choice but to rule on the evidence submitted by the plaintiffs. In doing so, the trial justice properly applied the four elements necessary for a preliminary injunction as related to the prescriptive easement claim. Thus, he did not abuse his discretion in granting the preliminary injunction.

Accordingly, the defendants' appeal is denied and dismissed and the order of the Superior Court is affirmed. The papers in the case may be returned to the Superior Court.

Justice FLAHERTY did not participate.

---

4. The defendants called the Superior Court Clerk's office the Friday before the continued hearing to inform the trial justice that they would not attend the May 28 hearing. The trial justice's clerk also took a message to the same effect. Furthermore, the trial justice noted that, as the Court Administrator reported to him, defendants attempted to contact the Presiding Justice to explain their dissatisfaction with the continuance. However, because defendants did not appeal the grant of the continuance, the issue is not before us.