FRENCHTOWN FIVE L.L.C.

v.

Carmela VANIKIOTIS, alias Jane Doe.

No. 2004–30–Appeal.

Supreme Court of Rhode Island.

Dec. 9, 2004.

# 1280

Robert B. Jacquard, for Plaintiff.

Donna M. Lamontagne, Wellesley, MA, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

PER CURIAM.

The plaintiff, Frenchtown Five L.L.C., and its predecessors-in-title historically have benefited from a right-of-way across the defendant's property to access the rear portion of their lot. When the defendant, Carmela Vanikiotis, frustrated access to the right-of-way, the plaintiff sought judicial intervention. After hearing testimony from the parties, the Superior Court enjoined the defendant from blocking or impeding the plaintiff's right-of-way across her land, ordered that the defendant remove a cement block which she had installed on the right-of-way, and directed the defendant to keep open a "roadway" at least ten feet in width over

her property to allow for vehicles to reach the rear of the plaintiff's adjoining property. The defendant now appeals the order of the Superior Court.[1]

This case came before the Supreme Court for oral argument on November 3, 2004, pursuant to an order directing all parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After considering the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown, and we will proceed to decide the case at this time. For the reasons stated below, we deny defendant's appeal and affirm the order of the Superior Court.

The properties at issue here were once part of a larger parcel located on Main Street in East Greenwich.[2] In 1934, the owner of that estate divided the property into two parcels and conveyed what is now defendant's property to her predecessor-in-title, retaining an easement to provide access to the rear portion of what is now plaintiff's property.[3] Nearly fifty years later, Vanikiotis purchased the servient estate. Her deed makes it clear that the property was subject to the right-of-way dating to 1934.[4] Vanikiotis operates a hair salon on the premises, and rents two apartment units on the upper floors of the building. In June 2000, Frenchtown Five purchased 219 Main Street, the parcel adjacent to that of defendant. David Schaller, the sole and managing member of plaintiff company, intended to move his confectionary business to that location.[5]

Schaller began using the easement in January 2003 for the purpose of having deliveries made to his business, but frequently found his path blocked by vehicles parked in the rear portion of defendant's property.[6] The plaintiff attempted to ameliorate the situation by leaving notes on the offending cars, but defendant responded with a letter ordering plaintiff to cease and desist using the roadway on defendant's property. The defendant also had a large cement block placed on her property restricting, if not eliminating, plaintiff's ac-

1. Although interlocutory in nature, preliminary injunctions are appealable. "Whenever, upon a hearing in the [S]uperior [C]ourt, an injunction shall be granted * * * an appeal may be taken from such order or judgment to the [S]upreme [C]ourt in like manner as from a final judgment, and the appeal shall take precedence in the [S]upreme [C]ourt." G.L. 1956 § 9–24–7.

2. Assessor's plat No. 1 of the tax assessor of the Town of East Greenwich designates plaintiff's property as lot No. 212, whereas defendant's adjacent property is designated as lot No. 343. The properties are adjacent to each other, with lot No. 212 lying to the south of lot No. 343.

3. The language is as follows: "This conveyance requires that a rear roadway, at least ten feet in width be kept open so that vehicles can reach the rear of the building now known as the First National Store * * *." What was once the First National Store building is now the home of plaintiff's confectionary business.

4. The conveyance was "[s]ubject to right of way as set forth in Deed Book 29 at page 312."

5. Approximately one month before 219 Main Street was conveyed to Frenchtown Five from Angelo Lazarides, defendant's northerly neighbor, Mary Amoroso, granted to defendant, Mr. Lazarides, and their heirs, successors, and assigns in ownership, for consideration paid, an easement across the rear of her property. The easement connects the roadway across the rear of defendant's property (the subject of the instant case) to the public road adjacent to Amoroso's property. The Amoroso easement was created specifically for the benefit of plaintiff's property.

6. The plaintiff alleges that the vehicles, owned by defendant's tenants, were frequently parked in a fashion that would block the easement. The plaintiff established in the trial record, however, that access would not be impeded if the cars were simply parked at a different angle.

cess to the roadway.[7] The plaintiff then commenced litigation, requesting that the court restrain and enjoin defendant from interfering with plaintiff's use and enjoyment of the easement so that plaintiff could utilize a roadway, at least ten feet in width, across the rear portion of defendant's property. The defendant counterclaimed that plaintiff's rights to the easement had been abandoned, and alternately that plaintiff's rights to the roadway had been extinguished as a result of adverse possession by defendant. The defendant sought injunctive relief to permanently enjoin plaintiff from passing over her property.

The trial justice granted plaintiff's prayer for a preliminary injunction after finding "that plaintiff has succeeded in proving the reasonable likelihood of success on the merits." He found irreparable harm as a result of defendant's actions, and held that damages would neither compensate plaintiff for his loss of use of the roadway nor restore him to the position he was in prior to defendant's intentional and wrongful interference. The trial justice also found that plaintiff did not have an adequate remedy at law, and he determined that restricting plaintiff's access to the roadway for the purposes of making deliveries to and parking at the rear of his building effectively negates the easement. The trial justice further found defendant's interference with plaintiff's easement to be deliberate, and that only injunctive relief would restore the status quo to that which existed before the wrongful erection of the cement barrier. Before us, defendant argues that the trial justice improperly granted plaintiff's request for preliminary injunction and did not consider the issues

of abandonment and adverse possession when making his decision.

■■■ "We review a trial justice's grant of a preliminary injunction to determine whether the trial justice abused his discretion." *Allaire v. Fease,* 824 A.2d 454, 457 (R.I.2003). "To do so, we, like the trial justice, consider '(1) whether the moving party established a reasonable likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm without the requested injunctive relief; (3) whether the balance of the equities, including the public interest, weighed in favor of the moving party; and (4) whether the issuance of a preliminary injunction served to preserve the status quo *ante.*' " *Id.* (quoting *School Committee of North Kingstown v. Crouch,* 808 A.2d 1074, 1077 (R.I.2002)).

■■■ After reviewing the record, we are of the opinion that the trial justice did not abuse his discretion in granting the preliminary injunction. To begin, our law clearly states that the precise location of an easement need not be designated for the easement to be valid. *See McConnell v. Golden,* 104 R.I. 657, 663, 247 A.2d 909, 912 (1968). Instead, the holders of the dominant estate are entitled to a convenient, suitable, and accessible easement of way. *Id.* Therefore, despite the lack of specificity in the original writing that created the easement, plaintiffs are entitled to the use of "a rear roadway, at least ten feet in width," to be "kept open so that vehicles can reach the rear of the building [once] known as First National Store * * *."

Since this language was referenced in defendant's deed, and because it has not been modified by subsequent instrument, it remains in effect.[8] *See Crawford Realty*

---

7. Photographs demonstrate that a jet-ski was also parked in the roadway, attached to the cement block, further blocking plaintiff's right-of-way.

8. The warranty deed conveying lot No. 212 to Frenchtown Five refers specifically to both *the easement across defendant's land and the* Amoroso easement.

*Co. v. Ostrow*, 89 R.I. 12, 19, 150 A.2d 5, 9 (1959) (holding that the owner of the dominant tenement may extinguish an easement appurtenant by specifically excluding it from a conveyance of the dominant estate). There is no question that defendant caused a large cement block to be placed in the middle of the roadway described in the original easement, and as a result, plaintiff has been denied use of its right-of-way. Taking the above into consideration, plaintiff probably will succeed on the merits at trial.

Next, there is more than adequate support in the record for the trial justice's finding that plaintiff will suffer irreparable harm without injunctive relief. Despite Schaller's testimony that deliveries can be made to the front of the building, rather than at the back, and that on-street parking is available to Schaller and his customers, obstruction of the right-of-way eliminates rear delivery and renders the parking spaces installed behind the building useless. Therefore, monetary damages will not suffice to put plaintiff in the same position as it would have been without defendant's actions.

█ The defendant's deed clearly states that it is subject to lot No. 212's right-of-way. Therefore, despite Vanikiotis's claim not to have read the deed, knowledge of the right-of-way is imputed to her, and she should have been well aware of it irrespective of how frequently the easement holders made use of it. If this Court were to refuse to enforce the preliminary injunction, plaintiff would be denied the use of the rear portion of its property for delivery and parking purposes. Therefore, granting the preliminary injunction returns the situation to the status quo and properly balances the equities between these parties.

█ The defendant argues that the trial justice abused his discretion in granting the preliminary injunction because he did not factor in the impact of her adverse possession and abandonment claims when considering plaintiff's likelihood of success on the merits. The defendant maintains that at least for the twenty-one-year duration of her ownership of the property, the right-of-way had not been used either by plaintiff or it's predecessors-in-title, and that consequently the easement had been abandoned. However, we previously have stated that "the question of abandonment of easement rights is one of intention that must be determined by the facts of each case." *Jackvony v. Poncelet*, 584 A.2d 1112, 1114 (R.I.1991). Importantly, we already have held that "a right-of-way by express grant is not extinguished by mere nonuse," *id.* at 1117, and to establish abandonment, "it is necessary to prove that the holder of the easement acted voluntarily and in such a decisive manner as to show an unequivocal intention to abandon the easement." *Id.* at 1114. In this case, the facts do not demonstrate any such intention, and any nonuse present here is insufficient to extinguish the easement.

█ The defendant also claims to have terminated plaintiff's rights to the roadway as a result of adverse possession. Under Rhode Island law, easements may be extinguished by adverse possession.[9]

---

9. The adverse possession statute, G.L.1956 § 34–7–1 provides:

"Where any person or persons, or others from whom he, she, or they derive their title, either by themselves, tenants or lessees, shall have been for the space of ten (10) years in the uninterrupted, quiet, peaceful and actual seisin and possession of any lands, tenements or hereditaments for and during that time, claiming the same as his, her or their proper, sole and rightful estate in fee simple, the actual seisin and possession shall be allowed to give and make a good and rightful title to the person or persons, their heirs and assigns forever; and any plaintiff suing for the recovery of any such lands may rely upon the possession as conclusive title thereto, and this

*See Thomas v. Ross*, 477 A.2d 950, 953 (R.I.1984). But, as is the case with any other adverse possession claim, "a claimant must establish by clear and convincing evidence that his or her possession of the property in question has been 'actual, open, notorious, hostile, under claim of right, continuous, and exclusive.'" *Norton v. Courtemanche*, 798 A.2d 925, 931 (R.I. 2002). Additionally, the claimant must show "that he exercised complete dominion over the property." *Thomas*, 477 A.2d at 953.

In this case, the defendant fails to clear the bar, and as such, the trial justice did not abuse his discretion when he found that the plaintiff probably would succeed on the merits. The defendant's adverse possession claim rests on her use of the rear portion of her property as a parking area for her tenants, and her maintenance of the back area in general. In *Thomas*, we addressed a similar factual situation, and we held that when vehicles were parked so as to block a right-of-way but did not necessarily occupy the easement itself, the easement was not defeated. *Thomas*, 477 A.2d at 954 (noting that other jurisdictions have held that the erection of a fence across a right-of-way does not in itself defeat an easement). The defendant's evidence is insufficient to meet the requirements of adverse possession, particularly in light of the plaintiff's claim that the cars obstruct the way only when parked at a particular angle, thus the trial justice made a correct determination of the plaintiff's likelihood of success.

In conclusion, we hold that the trial justice did not abuse his discretion when he enjoined the defendant from interfering with the plaintiff's right-of-way across her property. The trial justice made a proper finding that the four elements necessary

for a preliminary injunction exist in this case, and therefore we affirm the Superior Court decision and deny the defendant's appeal.

---

chapter being pleaded in bar to any action that shall be brought for the lands, tenements or hereditaments, and the actual sei- sin and possession being duly proved, shall be allowed to be good, valid and effectual in law for barring the action."