[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
This matter came on for trial before the Court, jury waived, in April, 2005. Plaintiffs, Sharon L. Wylie and Ricky R. Cambio brought this action claiming that they have ownership interest in two separate rights-of-way adjacent to Lewis Lane and their property in South Kingstown, Rhode Island. Confusion concerning the boundaries of the parties' properties has led to uncertainty regarding ownership of driveways in the area.
 FINDINGS OF FACT
The parties are neighbors of adjoining parcels located in the Town of South Kingstown, State of Rhode Island. Plaintiffs purchased property located on South Kingstown Tax Assessor's Map 41, at lot 5. The plaintiffs' property measures approximately two acres in size, bounded on the east, along a border approximately 300 feet in length, by a right-of-way of the Narragansett Electric Company. Plaintiffs' property is bounded on the south, along a border approximately 250 feet in length, by property formerly owned by the Roman Catholic Bishop of Providence.
Although the deeds were never placed into evidence, there is no issue that the plaintiffs are the owners of this property. However, the descriptions for the plaintiffs' property lines are vague. The description does not mention any reference to the length of the boundaries or amount of the acreage and often uses the phrase "more or less". Although there are only four boundaries, no angles are described. The deed does not describe any specific rights-of-way to the property.
The property to the west of the plaintiffs' lot is owned by the defendant, the Allen W. Lewis Trust. Defendant's property is identified as lot 3 in the South Kingstown Tax Assessor's Map 41. Defendant's property is much larger in size, and extends to Broad Rock Road, a public right-of-way. The parties share a common border of approximately 340 feet.
Mr. Wesley Grant, a licensed surveyor, was the only witness to testify at the trial. He surveyed the property of the plaintiffs (and any rights-of-way adjoining their lot) by attempting to find a bound clearly described in the deed. As the deed description borders two vague rights-of-way without exact location, Mr. Grant indicated that the most certain point to identify on plaintiffs' boundaries would be the southeasterly corner (the intersection of the Narragansett Electric easement and the property now or formerly owned by the Roman Catholic Bishop). Mr. Grant identified this corner as a point on a stone wall and used this point as the starting point for all other bounds. He determined the location of the entire southern boundary, running along the same stone wall. He measured northerly along the Narragansett Electric easement a distance of 300 feet to find the northeasterly boundary. The survey was submitted as Exhibit B, and describes all the property lines, as well as the proposed easements discussed during settlement conferences. Mr. Grant found stone bounds to corroborate the Narragansett Electric easement line and found the survey to meet an acceptable level of accuracy within the field of surveying. It was, therefore, his opinion that the eastern boundary of the Lewis Trust property was as shown on the map.
There being no other witnesses to testify at the trial,[1] the Court finds that Exhibit B shows the eastern boundary of lot 3 is as shown on Exhibit B.
 DISCUSSION
The Complaint sounds in three different counts. First, plaintiffs claim that they own a right-of-way along the northern part of the defendant's property. Count 2 alleges a second right-of-way along the border between the two parties' properties (and specifically along the western border of the plaintiffs' property). Count 3 requests that the defendant be ordered to clear the roadways leading to plaintiffs' property. Plaintiffs contend that these rights-of-way exist by adverse possession and as easements by necessity.
Our high Court has recently declared the standard for establishing an easement by prescription
 First, one who claims an easement by prescription bears the burden of establishing actual, open, notorious, hostile, and continuous use under a claim of right for at least ten years. These elements must be proven by clear and satisfactory evidence. Allaire v. Fease, 824 A.2d 454, 457 (R.I. 2003).
At trial, plaintiffs did not establish that they continually used any access route for even a year. They failed to show the location of any property, as they failed to offer the testimony of any surveyor. Neither plaintiff testified at trial, hence they failed to establish continuous use of the property for ten years. As they put no evidence forth on any of these elements, plaintiffs failed to establish these elements by clear and convincing evidence.
The complaint can also be read to allege an easement by necessity. Our high Court has said that "the test of necessity is whether the easement is reasonably necessary for the convenient and comfortable enjoyment of the property as it existed when the severance was made. Moreover, this Court should consider whether a substitute could be procured without unreasonable trouble or expense." Nunes v. Meadowbrook DevelopmentCompany, Inc., 824 A.2d 421, 425 (R.I. 2003), quoting Wiesel v. Smira,49 R.I. 246, 250, 142 A. 148, 150 (R.I. 1928).
The evidence clearly demonstrates that plaintiffs' property at Lot 4 is landlocked but for the use of private roads extending over the defendant's lot. Exhibit B displays an existing gravel road 20 feet in width extending from the northern portion of Lot 3 along the eastern boundary of Map 41, Lot 3 (at Lots 5 and 6). This gravel road is included within a box that says "proposed easement, 13,531 S.F. (0.31 Acres)."
The Court finds that the 20 foot easement is an easement by necessity as it is the only method by which the plaintiffs may access their otherwise landlocked parcel.
Plaintiffs have not shown that there was any debris along the roadway, easement or right-of-way placed by the defendant, its agents or servants.
 CONCLUSION
For the reasons stated, this Court finds that the plaintiffs have an easement by necessity along a presently existing 20 foot wide gravel road on the eastern portion of the defendant's property, Map 41, Lot 3. Plaintiffs have failed to show an easement by prescription or any other access along defendant's property, and have failed to show debris left along the road. Accordingly, judgment is awarded to the defendant on Counts I and III. Judgment is awarded to plaintiffs on Count II in that an easement by necessity exists.
Counsel shall submit an appropriate Judgment consistent with this Decision. The judgment should include a legal description of the easement described, suitable for recording.
[1] Only one other witness was called. This witness was called by the defendant to establish that the plaintiffs were in contempt of a previous order. She did not testify as to the accuracy of any of the boundary lines, use of the rights-of-way or location of the rights-of-way.