DECISION
This case is before the Court on Plaintiffs' motion for a writ of mandamus or, in the alternative, a preliminary injunction compelling the Town of Smithfield Administrative Officer to certify Plaintiffs' final plan application as complete and to place the application on the Town of Smithfield Planning Board's hearing agenda. For the reasons set forth herein, the Court denies the Plaintiffs' motion with regards to both mandamus and injunctive relief.
 Facts
The Court makes the following findings for the purpose of Plaintiffs' motion for mandamus and injunctive relief only. CVDDI, LLC ("CVDDI") owns realty known as Stillwaters Place in Smithfield, Rhode Island. The instant case revolves around the Plaintiffs' navigation of the process of obtaining the necessary approvals for a major land development *Page 2 
project under The Rhode Island Land Development and Subdivision Review Enabling Act of 1992, G.L. 1956 §§ 45-23-25 through 45-23-74, also known as the "Development Review Act." Section 45-23-25.
On March 6, 2007, the Town of Smithfield Town Council changed the zoning designations of the Stillwaters Place lot and the abutting property, Lot 108, to facilitate Plaintiffs' construction of a new housing development on the Stillwaters Place lot. The Town Council imposed a number of conditions on its zoning amendments. These conditions included requiring the developer to provide affordable housing, environmental remediation of the side, establishing a conservation easement and "4. The applicant must receive preliminary and final approval from the Planning Board for a Major Land Development prior to the issuance of a building permit. . . ." (Plaintiff's Memorandum of August 21, 2009, Exhibit C, pp. 1-2.) Plaintiffs do not dispute the validity of any of the Town Council's conditions.
Plaintiffs applied to the Town of Smithfield Planning Board for preliminary plan approval on February 13, 2009. After a hearing, the Planning Board approved the Plaintiffs' application for preliminary plan approval, subject to a number of conditions. (Plaintiff's Memorandum, Exhibit D, pp. 3-4.) These conditions included:
 1. . . .
 2. Applicant [must answer] in an acceptable manner questions in regards to maintenance, responsibility and liability of dam present on site and buildings adjacent to dam;
 3. Applicant shall conduct a comprehensive Phase II Environmental Assessment on the entire site in accordance with ASTM standards;
 4. Applicant shall satisfy all of conditions [sic] set forth by the Town Council in granting the zone change for the subject project on March 6, 2007;
 5. Applicant shall identify off site affordable housing units to be constructed . . . *Page 3 
 6. Structural drawings for reinforced concrete slab shall resubmitted [sic] as part of final plan review . . . (Planning Board Decision 4.)
Dissatisfied with some or all of the conditions imposed by the Planning Board as a condition of its approval of the application, Plaintiffs submitted an application for final plan approval to the Administrative Officer without first complying with all of the conditions placed on the preliminary plan approval. On July 17, 2009, Defendant Michael Phillips, the Planning Department's Administrative Officer, issued a Certificate of Incompleteness with regards to Plaintiffs' final plan application. Mr. Phillips certified the final plan application as incomplete because it did not make note of the special conditions imposed by the Planning Board at the preliminary plan stage, nor did the applicants indicate compliance with these conditions. (Certificate of Incompleteness 2.) In addition, the final plan application was incomplete for reasons unrelated to the Planning Board's conditions. (Defendant's Memorandum, October 1, 2009, Exhibit 5, pp. 1-2.) For example, Plaintiffs apparently did not identify the name and address of the property owner; drawings did not depict zoning boundaries; and the application did not include proof of tax payments or documents describing the homeowner's association, easements, etc. (Ibid.)
Plaintiffs bring the instant motion for injunctive relief and mandamus to compel the Administrative Officer to certify the final plan application as complete and place it on the Planning Board's agenda for a hearing. In addition, Plaintiffs seek to enjoin the enforcement of the challenged conditions. Plaintiffs argue that relief from this Court is warranted because the Planning Board's conditions are beyond the scope of the Board's authority under the Rhode Island General Laws and the Planning Board's own regulations. While the Plaintiffs' underlying action is for a declaration from the Court adjudging the Planning Board's conditions to be *Page 4 
invalid, the present motion before the Court is only for issuance of a writ of mandamus or a preliminary injunction.
 Analysis I Mandamus
Mandamus is an extraordinary remedy available only when all three of the following conditions are met: "`(1) the petitioner has a clear legal right to the relief sought, (2) the respondent has a ministerial duty to perform the requested act without discretion to refuse, and (3) the petitioner has no adequate remedy at law.'"School Committee of the City of Cranston v. Bergin-Andrews,984 A.2d 629, 648 (R.I. 2009) (quoting New England DevelopmentLLC v. Berg, 913 A.2d 363, 368 (R.I. 2007)). A "ministerial" duty "is one that is to be performed by an official in a prescribed manner based on a particular set of facts without regard to or the exercise of his own judgment upon the propriety of the act being done." City of Providence v. Estate of Tarro, 973 A.2d 597,604 (R.I. 2009) (internal quotations omitted).
In general, a movant must exhaust administrative remedies before seeking mandamus. Muschiano v. Travers, 973 A.2d 515, 522
(R.I. 2009); see also 73 C.J.S. Public Administrative Lawand Procedure § 102 (2004) ("[o]rdinarily, a litigant must resort to and exhaust his or her administrative remedies before seeking judicial relief by way of mandamus.") However, mandamus may be granted despite unexhausted administrative remedies if the remedies are "not plain, speedy, and adequate[.]" Id. (quotations omitted). The plainness, speed, and adequacy of an administrative remedy must be determined on a case-by-case basis. Id. *Page 5 
 II
When deciding whether to grant a preliminary injunction, this Court must determine:
 `(1) whether the moving party established a reasonable likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm without the requested injunctive relief; (3) whether the balance of the equities, including the public interest, weighed in favor of the moving party; and (4) whether the issuance of a preliminary injunction served to preserve the status quo ante.' Frenchtown Five L.L.C. v. Vanikiotis, 863 A.2d 1279, 1282
(R.I. 2004) (quoting Allaire v. Fease, 824 A.2d 454, 457 (R.I. 2003)).
In order to demonstrate that the harm it will suffer will be irreparable, the movant must show that it has no adequate remedy at law. Fund for Community Progress v. United Way ofSoutheastern New England, 695 A.2d 517, 521 (R.I. 1997).
 III Exhaustion of Administrative Remedies A The General Rule
Defendants argue that Plaintiffs' motion must be denied because Plaintiffs have not exhausted their administrative remedies. "It is well settled that a plaintiff aggrieved by a[n] . . . agency's action first must exhaust administrative remedies before bringing a claim in court." Richardson v. Rhode Island Department ofEducation, 947 A.2d 253, 259 (R.I. 2008) (quotations omitted). The doctrine of exhaustion is grounded on a policy of facilitating judicial economy and aiding in the task of fact finding. RhodeIsland Employment Security Alliance, Local 401 v. Department ofEmployment and Training, 788 A.2d 465, 467 (R.I. 2002); 73 C.J.S.Public Administrative Law and Procedure § 101, n. 2. In general, "[w]hile all roads may lead to Rome, where a detailed administrative procedure is outlined, it is incumbent upon the plaintiff to travel that route." *Page 6 Taylor v. Marshall, 119 R.I. 171, 181; 376 A.2d 712, 717
(1977) (Kelleher, J., dissenting.) For the reasons set forth below, the Court finds that Plaintiffs did not exhaust their administrative remedies and that any exceptions to the exhaustion rule are inapplicable in this case.
In Smithfield, the Zoning Board of Review hears appeals of decisions of the planning board or the administrative officer. Smithfield, R.I. Land Development and Subdivision Review Regulations § VIII, Art. A. The Zoning Board of Review may reverse a decision of the Planning Board or Administrative Officer upon a finding of "prejudicial procedural error, clear error, or lack of support by the weight of the evidence in the record." Section 45-23-70(a); Smithfield, R.I. Land Development and Subdivision Review Regulations § VIII, Art. D(2). Black's Law Dictionary defines "clear error" as a "decision or action that appears to a reviewing court to have been unquestionably erroneous." In addition, should the Zoning Board of Review's decision leave Plaintiffs unsatisfied, they may then appeal to the Superior Court. Section 45-23-71.[1]
In a factually similar case, the Muschiano Court found that the available administrative remedy, an appeal of a town planner's action to the zoning board, was adequate because review of the town planner's imposition of extra-regulatory conditions on a building permit was "well within the purview of the zoning board."973 A.2d at 520, 522. Therefore, the Court finds that a "plain, speedy, and adequate" administrative remedy was available to the Plaintiffs. See Muschiano, 973 A.2d at 522. *Page 7 
 B Futility Exception to the Exhaustion ofAdministrative Remedies Rule
Plaintiffs assert appealing the Administrative Officer's determination to the Zoning Board of Review would be futile. Plaintiffs rely on cases including M.B.T. Construction Corp. v.Edwards, 528 A.2d 336 (R.I. 1987); Kingsley v. Miller,120 R.I. 372, 388 A.2d 357 (1978); Taylor v. Marshall,119 R.I. 171, 376 A.2d 712 (1977); and Frank Ansuini, Inc. v.City of Cranston, 107 R.I. 63, 264 A.2d 910 (1970). However, a close examination of these cases reveals that Plaintiffs' reliance is misplaced and that appealing to the Smithfield Zoning Board of Review would not be futile.
Frank Ansuini, Kingsley, and M.B.T. ConstructionCorp. involve the futility of exhausting administrative remedies where there is a challenge to the facial validity of a rule or ordinance. Plaintiffs have not shown the ordinances to be facially invalid in the case at bar.
The key distinction between cases such as Kingsley andFrank Ansuini and the case at bar is that instant Plaintiffs do not challenge the validity of any ordinance, rule, or regulation enacted in the Planning Board's legislative or rulemaking capacities. Rather, Plaintiffs challenge the Administrative Officer's application of the Regulations to their application. These are vastly different contexts. As Professor Pierce points out,
 [w]hat distinguishes legislation from adjudication is that the former affects the rights of individuals in the abstract and must be applied in a further proceeding before the legal position of any particular individual will be definitively touched by it; while adjudication operates concretely upon individuals in their individual capacity. Richard J. Pierce, Jr., Administrative Law Treatise § 6.1 (5th ed. 2009) (quoting J. Dickinson, Administrative Justice and the Supremacy of Law 2 (1927)).[2] *Page 8 
The instant case involves a challenge to the facial validity of an adjudication, not of legislation as in Kingsley and FrankAnsuini.
Our State Supreme Court explicitly distinguished challenges to the validity of an ordinance or rule from challenges to the application of an ordinance or rule in M.B.T. Construction Corp.528 A.2d at 337-38. Like the Frank Ansuini andKingsley plaintiffs, the plaintiff in M.B.T. ConstructionCorp. sought a declaration that a zoning ordinance was invalid on its face. Id. at 337. Because a Newport zoning ordinance prohibited resumption of nonconforming uses where a structure is destroyed by fire and not rebuilt within a stated time period, the Building Inspector in that city, charged with applying the zoning ordinances, refused to issue a building permit to the plaintiff.Id. In holding that the M.B.T. Construction Corp. plaintiff was not obligated to exhaust administrative remedies, our State Supreme Court opined:
 If plaintiff was seeking a reversal of a ruling by the building inspector based on an erroneous interpretation of the ordinance, which relief the board of review has the power to grant, then the exhaustion-of-administrative remedies rule would have required an appeal to the board. That is not the case before us, however. Here plaintiff seeks a ruling about the validity and enforceability of [the zoning ordinance] itself. The board does not have the authority to consider that question. Id. at 337-38.
Thus, in M.B.T. Construction Corp., the high court not only applied the futility exception to cases where someone challenges the facial validity of an ordinance or rule, but also it specifically distinguished cases in which boards or officers act in an adjudicative mode — that is, cases in which agencies apply otherwise valid ordinances and regulations. Id.
In Taylor v. Marshall, the high court extended the reasoning of Frank Ansuini — "that the exhaustion of administrative remedies was not necessary where there was an attack on an *Page 9 
ordinance as facially unconstitutional or as in excess of statutory powers" — to exercises of jurisdiction in excess of the clear parameters of the applicable statutes and regulations.119 R.I. at 179, 376 A.2d at 716. That is not the situation with the case at bar.
 IV Plaintiffs' Eligibility for Relief
Based on the foregoing, the Court holds that Plaintiffs are not eligible for mandamus because they have not exhausted their administrative remedies and have a plain, speedy, and adequate alternative remedy at their disposal. Likewise, Plaintiffs do not have a "clear legal right" to the relief sought. SeeBergin-Andrews, 984 A.2d at 648. Plaintiffs seek a writ of mandamus to compel the Administrative Officer to certify their application as complete. Plaintiffs' final plan application was deficient on many grounds, including some grounds that the Plaintiffs have not challenged as invalid. (See Certificate of Incompleteness 1-2.) For example, Plaintiffs apparently did not complete the application fields for the property owner's name and address correctly. (See Certificate of Incompleteness 1.) In light of these deficiencies, Plaintiffs do not have a "clear legal right" to have its application certified as complete and placed on the Planning Board's agenda for a hearing. The Court denies the Plaintiffs' motion for a writ of mandamus.
Similarly, an injunction will not issue because Plaintiffs have an adequate alternative remedy at law — an administrative appeal.See Fund for Community Progress, 695 A.2d at 521. In addition, Plaintiffs have not demonstrated that issuance of an injunction will preserve the status quo. See FrenchtownFive, 863 A.2d at 1282. In the context of a preliminary injunction, the status quo is "the last peaceable status prior to the controversy." E.M.B. Associates,Inc. v. Sugarman, *Page 10 118 R.I. 105, 108; 372 A.2d 508, 509 (1977). Issuance of an injunction in this case would not preserve the status quo; rather, it would change the status quo.
Another consideration in the Court's analysis in ruling on a motion for a preliminary injunction is balancing the equities.See Frenchtown Five, 863 A.2d at 1282. In this case, the Planning Board and Administrative Officer appear to have acted in good faith. In contrast, the Plaintiffs had opportunities to appeal — either at the time when the Planning Board imposed its conditions on preliminary plan approval in April 2009 or when the Administrative Officer certified the final plan application as incomplete in July 2009 — but passed those opportunities by.[3]
Therefore, the Court holds that the equities tip in favor of the Defendants.
Finally, for an injunction to issue, the moving party must demonstrate that it has a reasonable likelihood of success on the merits of its case. Frenchtown Five, 863 A.2d at 1282. The Plaintiffs attempt to challenge four of the Planning Board's conditions, but do so in the context of seeking review of the administrative officer's certification of incompleteness. Simply put, the cart is in front of the horse.
The merits of the appeal will be considered, if an administrative appeal to the Planning Board decision is properly taken. In weighing the likelihood of success of the merits here, this Court must be cautious not to sway the consideration of the identical issues at the administrative levels by those who are statutorily empowered and duty bound to do so initially. Nevertheless, it is readily evident and this Court holds that Plaintiffs have not established that they have a reasonable likelihood of success on the merits at this juncture. First, Plaintiffs failed to exhaust, and perhaps to preserve, their administrative remedies through an administrative appeal. Second, *Page 11 
they failed to comply with the prerequisites set by the Smithfield Planning Board for their final plan application.[4]
The thrust of Plaintiffs' challenge to the validity of the Planning Board's conditions is that the Planning Board acted in excess of the authority granted to it by the General Laws and the Planning Board's own regulations, and, accordingly, the conditions are ultra vires and void. (See Pl.'s Mem. 1-2.) Plaintiffs cite Jeffrey v. Platting Board of Review of the Townof South Kingstown, 103 R.I. 578, 239 A.2d 731 (1968) for the proposition that "in the review of applications for the subdivision of land, the role of the planning board is restricted and limited solely to the application of the local land development and subdivision regulations to the plans before it to determine whether the same conform." (Pl.'s Mem. 8.) Plaintiffs' argument fails in several respects. While this Court could address this argument at length, it defers from doing so. This agreement should be addressed at the administrative appeal level, not in the context of a preliminary injunction. Suffice it to say that a likelihood of success has not been demonstrated.
 Conclusion
Based on the foregoing, the Court denies Plaintiffs' motion for a writ of mandamus because the Plaintiffs have a plain, speedy, and adequate remedy available to them and because they do not have a clear legal right to the relief sought. Plaintiffs have an adequate remedy at law and will not suffer irreparable harm, an injunction would not maintain the status quo, the balance of the equities does not favor Plaintiffs, and Plaintiffs do not have a reasonable likelihood of success on the merits.
The application for issuance of a writ of mandamus and the request for issuance of a preliminary injunction are each denied.
[1] Plaintiffs cite Rico Corp. v. Town of Exeter,787 A.2d 1136 (R.I. 2001) and Olean v. Zoning Board of Review of the Townof Lincoln, 101 R.I. 50, 220 A.2d 177 (1966) for the proposition that the Zoning Board of Review cannot provide an adequate remedy upon review. (Pl.'s Supp. Mem. 4.) In Plaintiffs' view, because zoning boards are not authorized by statute to make declaratory judgments, the Smithfield Zoning Board of Review lacks the authority to "declare certain conditions as imposed by the Planning Board as null and void." (Pl.'s Supp. Mem. 4.) The Plaintiffs' argument is without merit. As discussed above, the Smithfield Zoning Board of Review is authorized to reverse or modify any action of the Planning Board or Administrative Officer upon a finding of prejudicial procedural error or clear error. Section 45-23-70(a); Smithfield, R.I. Land Development and Subdivision Review Regulations § VIII, Art. B-C, D(2). Further appeal to the Superior Court is likewise available. Section 45-23-71.
[2] Our high court followed a similar analysis in construing the separate functions of the branches of government:
 "The role of the judicial branch is not to make policy, but simply to determine the legislative intent as expressed in the statutes enacted by the General Assembly. . . .; see also Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A., 511 U.S. 164, 188, 114 S.Ct. 1439, 128 L.Ed.2d 119 (1994) ("Policy considerations cannot override our interpretation of the text and structure of the Act * * *."); . . ." Chambers v. Ormiston, 935 A.2d 956, 965-966 (R.I. 2007).
[3] Examination of the Planning Board's decision reveals that the Phase I Site Assessment that Plaintiffs submitted to the Planning Board was missing pages. (Planning Board Decision 2.) Plaintiffs appear to have asked the Planning Board to rule on their preliminary plan application right away instead of resubmitting the application in a manner that might resolve the Planning Board's concerns. (See Planning Board Decision 3.)
[4] This case is readily distinguishable from Sand Trace v.Rossi, C.A. PC-2009-1798 filed January 6, 2010, Lanphear, J., where this Court compelled a zoning official to accept an application as an administrative act. Here, Plaintiffs have filed a plan, and a certificate of incompleteness was issued.